IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARDENS PHARMACY, LLC** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:16cv12-HSO-JCG |
| | § | |
| **MICHAEL LYONS** and | § | |
| **ODELL GLENN, JR.** | § | **DEFENDANTS** |

## ORDER GRANTING PLAINTIFF GARDENS PHARMACY, LLC'S MOTION TO REMAND [4]

BEFORE THE COURT is Plaintiff Gardens Pharmacy, LLC's Motion [4] to Remand to State Court. This Motion has been fully briefed. Having considered the record and relevant legal authorities, the Court finds that this civil action does not "arise[] under the Constitution, laws, or treaties of the United States," such that the Court's federal question jurisdiction was improperly invoked. 28 U.S.C. § 1331. Because the Court lacks subject-matter jurisdiction over this civil action, this case must be remanded to State court pursuant to 28 U.S.C. § 1447(c).

### I. BACKGROUND

On December 16, 2015, Plaintiff filed a Complaint in the County Court of Jackson County, Mississippi. Compl. [1-2]. Plaintiff asserted eight State law causes of action against Defendants Dr. Michael Lyons, PC and Odell Glenn, Jr. Specifically, the Complaint contains two counts for breach of contract, one count for misappropriation of trade secrets under Mississippi Code Annotated § 75-26-1, *et seq.*, one count for tortious interference with contract, one count for tortious interference with business relations, a claim for sworn account, one count for conversion, and a request for injunctive relief. Compl. [1-2], at 3–14. The

Complaint does not reference any federal laws, the Constitution, or any treaties of the United States. *See id.*

On January 14, 2016, Defendants filed a Notice of Removal [1] pursuant to 28 U.S.C. § 1441, asserting that the Court has subject-matter jurisdiction over this action based on federal question jurisdiction under 28 U.S.C. § 1331. Defendants claim no breach of contract occurred because the contract at issue violated a federal law, namely 42 U.S.C. § 1320a-7b(b), the Medicare Anti-Kickback Statute. Not. Removal [2], at 2. Defendants filed an Answer and Counterclaims [2] the same day, asserting State law causes of action for tortious interference with prospective advantages, unfair competition, civil conspiracy, negligence, gross negligence, and negligent misrepresentation/fraud. Answer/Counterclaims [2], at 9–14.

On February 2, 2016, Plaintiff filed a Motion [4] to Remand, arguing that federal subject-matter jurisdiction is lacking under 28 U.S.C. § 1331, and requesting attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Defendants have filed a Response [15], and Plaintiff has filed a Reply [17].

## II. DISCUSSION

A.   Legal Standard

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1331, federal district courts are granted jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. The longstanding "well-pleaded complaint rule," however, defines when an action arises under federal law. *Vaden v. Discover Bank*, 556 U.S.

49, 59–61 (2009) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). A suit arises under federal law only when a plaintiff's statement of his own cause of action in the complaint shows that the action is based upon federal law. *Id.* Federal subject-matter jurisdiction cannot rest on an actual or anticipated defense, or an actual or anticipated counterclaim. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–34 (2002) (discussing the well-pleaded complaint rule and holding that even a compulsory counterclaim brought under federal law does not establish federal question jurisdiction). "[A] defendant may not remove a case to federal court unless *the plaintiff's* complaint establishes that the case arises under federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10 (1983) (emphasis in original).

A case raising only state law causes of action can "arise under federal law" in a "special and small category" of cases if "federal law provides a necessary element of the plaintiff's claim for relief." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 376 (2004). The state-law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). That is, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4)

capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

B.  Analysis

It is undisputed that the face of the Complaint [1-2] raises no federal claims and asserts only State law causes of action. The Counterclaims [2] are also based only on State law. Although Defendants have professed to raise a federal defense, that there was no breach of contract because the contract in question violated the federal Medicare Anti-Kickback Statute, the law is clear that federal subject-matter jurisdiction cannot be founded upon an actual or anticipated defense. *Holmes*, 535 U.S. at 830–34.

In *Franchise Tax*, the Supreme Court explained the well-pleaded complaint rule and why jurisdiction would be lacking in cases such as this:

> For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law. A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action

463 U.S. 10–11 (internal citation and quotation omitted, emphasis in original). Applying the longstanding well-pleaded complaint rule, this Court lacks subject-matter jurisdiction and Plaintiff's action should be remanded to State court.

Even assuming the parties' business relationship deteriorated because the contract violated the federal Anti-Kickback Statute, this case does not raise any substantial issues of federal law significant enough to establish federal subject

4

matter jurisdiction under the narrow exception in *Grable*. *See id.* at 13 ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."). Defendants do not challenge the Anti-Kickback Statute as unconstitutional or argue that the Court's resolution of the issues here will have a substantial impact on the federal system as a whole. Defendants claim only that the Statute may have been violated in this case. *See* Defendants' Response [15], at 2 ("This matter is simple—whether the agreement violates the Federal Anti-Kickback Statute."). This issue is not substantial to the federal system as a whole. *See Gunn*, 133 S. Ct. at 1066 ("[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit . . . . The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole."). The *Grable* exception does not apply.

C.   Attorneys' Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court should grant attorneys' fees if a defendant's decision to remove was objectively improper at the time of removal. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). "[T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Based on consideration of the record and the parties' arguments, the Court will not award costs, expenses, or attorneys' fees in this case.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff Gardens Pharmacy, LLC's Motion [4] to Remand is **GRANTED**.  The Court declines to grant costs and actual expenses, including attorneys' fees against Defendants.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this case is **REMANDED** to the County Court of Jackson County, Mississippi, from whence the action was removed, pursuant to 28 U.S.C. § 1447(c), and a certified copy of this Order of remand shall immediately be mailed by the Clerk to the clerk of the State court.

**SO ORDERED AND ADJUDGED**, this the 19th day of April, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE